IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KAWA ORTHODONTICS, LLP,

    Plaintiff,                                    CASE NO.: 21-CV-81884-RS

vs.

DEPOSITORS INSURANCE COMPANY,

    Defendant.

_____/

## DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

Defendant, DEPOSITORS INSURANCE COMPANY ("Depositors"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 59(e) files its Motion for Reconsideration of this Court's Order on Cross-Motions for Summary Judgment [DE 104], specifically as to granting Plaintiff's Motion for Summary Judgment [ECF 39] and as grounds in support thereof states as follows:

### I.    Background

This is a breach of contract action brought by Plaintiff against Depositors following the denial of an insurance claim involving a large aquarium at Plaintiff's orthodontics office. The aquarium consisted of two large tanks connected by a bridge. The initial direct physical loss consisted of a singular crack in the bridge portion of the aquarium. Plaintiff hired DML Construction and ERISA Improvements to perform repairs. Thereafter, while attempting to fix the aquarium, the repair company caused two additional cracks that completely damaged the aquarium, making it unable to hold water and serve its purpose.

The parties filed cross-motions for summary judgment. [ECF 39; ECF 40; ECF 43; ECF 44; ECF 47; ECF 48; ECF 50; ECF 52; ECF 57.] This Court issued its Order on Cross-

Motions for Summary Judgment on September 29, 2023 ("Summary Judgment Order"), granting Plaintiff's Motion for Summary Judgment and denying Depositors' Motion for Summary Judgment. Depositors files this Motion for Reconsideration with respect to this Court's Summary Judgment Order granting Plaintiff's Motion for Summary Judgment.

In its order, the Court rejected Depositors' argument that its denial of coverage was proper in light of the negligent repairs done by the repair company hired following the initial crack to the aquarium system's connecting bridge. [ECF 104 at 7.] The Court found that Depositors has not demonstrated how the repair company was negligent or how the damage was caused by faulty or defective workmanship or repair. *Id.* The Court premised its finding that there was no negligence on the part of the repair company on the lack of an industry-approved methodology to repair acrylic glass. The Court then concluded that there was no basis for denying Plaintiff's insurance claim.

The Court also addressed the remainder of the arguments in Depositors' motion for summary judgment. In relevant part, the Court found that the relevant policy phrase "mechanical breakdown, including rupture or bursting caused by centrifugal force" was susceptible to more than one reasonable interpretation, to the point it became ambiguous. [ECF 104 at 9.] TAs a result, the Court resorted to the principle of contract interpretation that require ambiguous coverage clauses to be construed liberally in order to affect the greatest extent of coverage. *Id.* The Court reasoned that to construe the phrase "caused by centrifugal force" as modifying "rupture" would limit coverage for Plaintiff's loss. *Id.* If, however, the phrase was construed to modify only the immediately preceding noun, i.e., "bursting," that would extend coverage for Plaintiff's loss. *Id.*

The Court then adopted the latter interpretation and found that the application of the rule here leads to the conclusion that the rupture to Plaintiff's aquarium system did not have to be caused by centrifugal force to qualify as an accident. *Id.* The Court found that Plaintiff only had to

show that its aquarium system suffered a rupture to meet the definition of mechanical breakdown and, therefore, qualify as an accident under the insurance policy. *Id.* Thus, the Court found there is coverage by determining that the direct physical loss or damage to the aquarium was covered under the **Equipment Breakdown** coverage in the Premier Businessowners Property Coverage Form.

## II.     Legal standard for motion for reconsideration

Federal Rule of Civil Procedure 59(e) "applies to motions for reconsideration of matters that are encompassed in a decision on the merits of the dispute." *Brown v. Synovus Fin. Corp.*, 783 Fed. Appx. 923, 931 (11th Cir. 2019). Generally, the three grounds available to allow for and justify reconsideration of a prior order include (1) an intervening change in the law; (2) the discovery of new evidence; and (3) the need to correct a clear error in law or fact to prevent manifest injustice. *See generally Hood v. Perdue*, 300 Fed. Appx. 699, 700 (11th Cir. 2008).

## III.    Bases for motion for reconsideration

This Court's Order on Cross-Motions for Summary Judgment contains several clear errors in law and/or fact. In order to prevent manifest injustice in this matter, it is incumbent upon this Court to revisit these issues and deny Plaintiff's Motion for Summary Judgment. The first issue pertains to this Court's finding that the repair company could not have been negligent when it attempted to repair the aquarium system and caused the second and the third cracks because there are no industry standards for repairing acrylic glass. The second issue concerns the Court's factual determination that an accident occurred to the aquarium. The third issue pertains to this Court's finding in favor of Plaintiff based upon a claimed rupture.

### A.  Reconsideration is necessary because this Court's determination that the repair company was not negligent merely due to the absence of industry standards was clear error.

In denying Depositors' Motion for Summary Judgment and granting Plaintiff's Motion for Summary Judgment, this Court acknowledged that the insurance contract denies coverage for losses occasioned by negligent work. The negligent work provision of the insurance contract states as follows:

> 3. We will not pay for loss or damage caused by or resulting from any of the following B.3.a. through B.3.c. But if an excluded cause of loss that is listed in B.3.a. through B.3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.
>
> **Negligent Work**
>
> Faulty, inadequate or defective:
>
> \* \* \* \* \*
>
> (2) Design, specifications, workmanship, work methods, repair, construction, renovation, remodeling, grading, compaction, failure to protect the property.
>
> \* \* \* \* \*

[ECF 1-9 at 68-69.]

This Court ruled that the above exclusionary language was not applicable because Depositors did not demonstrate "how the repair work was negligent, or how Plaintiff's damage was caused by faulty, inadequate, or defective workmanship, repair, or maintenance."[ECF 104 at 7.] While Plaintiff was unable to state how the attempted repairs caused the additional cracks, this Court found that the damages were caused by an accident to covered equipment. *Id.* In doing so, this Court held that the issue of negligent repair, which would exclude coverage in this matter, would not go to a jury as there was no industry standard for this type of repair.

The issue pertaining to the negligent repair that caused the additional cracks, which actually ruptured the aquarium is one that should not have been resolved on summary judgment. The elements of a negligence action are (1) a legal duty owed by the negligent party; (2) a breach of that legal duty; (3) an injury to the injured party; and (4) damages as a result of the injury. *Paterson*

*v. Deeb*, 472 So. 2d 1210, 1214 (Fla. 1st DCA 1985). As it pertains to the second element of breach of legal duty, this Court effectively determined that because "there is no industry-approved methodology to repair acrylic glass of the type found in Plaintiff's aquarium system," there could be no finding of breach of that duty. [ECF 104 at 8] This is clear error.

In *Pascual v. Florida Power & Light Company*, 911 So. 2d 152, 154 (Fla. 3rd DCA 2005), the court found that a company performing repairs assumed a duty to do so in a non-negligent fashion. Thus, even absent an industry approved methodology, the repair company here assumed "a specific, legally recognize duty to act with reasonable care." *Id.*

In the liability context, the Supreme Court of Florida considered a situation that was not covered by any industry standards. *Orlando Executive Park v. Robbins,* 433 So. 2d 491 (Fla.1983), *receded from on other grounds, Mobil Oil Corp. v. Bransford,* 648 So. 2d 119 (Fla.1995). In *Robbins*, a guest at Howard Johnson Motor Lodge ("HJ") owned and operated by Orlando Executive Park ("OEP"), was attacked by an unidentified man. *Id.* at 492. The guest sued for damages alleging that HJ and OEP violated their legal duty to exercise reasonable care for her safety as a guest on their premises. *Id.* The jury returned a verdict for the guest and the Fifth District Court of Appeal affirmed the judgment. HJ and OEP sought review in the Florida Supreme Court.

The supreme court agreed with the district court that "the absence of industry standards does not insulate the defendants from liability." *Robbins*, 433 So. 2d at 493 (emphasis in original). The court further agreed that the district court properly phrased the question as one of foreseeability and explained that it is "peculiarly a jury function to determine what precautions are reasonably required in the exercise of a particular duty of due care." *Id.* (citation omitted). The same holds true here, where the repair company undertook the repair of the aquarium

system. The conclusion that the absence of industry standards precludes a finding of negligent, faulty or defective work in this case is clearly erroneous.

Furthermore, as the Eleventh Circuit Court of Appeals has explained, the evidentiary doctrine of res ipsa loquitur allows "the trier of fact to infer a defendant's negligence from unexplained circumstances," by recourse to circumstantial evidence. *Tesoriero v. Carnival Corporation*, 965 F.3d 1170, 1180 (11th Cir. 2020). As the breach of a legal duty under the evidentiary doctrine of res ipsa loquitur is a questions of fact, it was clear error for this Court to grant Plaintiff's Motion for Summary Judgment.

> **B.** **Reconsideration is necessary because this Court's determination that the crack in the bridge of the aquarium system was an "accident" under the policy was clearly erroneous.**

This Court found that coverage was afforded to Plaintiff because the crack that was discovered in the bridge to the aquarium on March 1, 2021 was an "accident" that was covered under the mechanical breakdown additional coverage in the policy. The term "accident" is defined in the policy as follows:

1. **"Accident"** means a fortuitous event that causes direct physical damage to "covered" equipment. The event must be one of the following:

    a. Mechanical breakdown, including rupture or bursting caused by centrifugal force;

    \* \* \* \* \*

"Covered Equipment" is in turn defined as follows:

6. **"Covered equipment"** means, Covered Property:

    a. That generates, transmits or utilizes energy, including electronic communications and data processing equipment; or

    b. Which, during normal usage, operates under vacuum or pressure, other than the weight of its contents.

[ECF 1-9 at 81.]

This Court found that the aquarium operated under a vacuum to move the water through the aquarium. The Court concluded that this made the aquarium "covered equipment." This Court then utilized the determination of "covered equipment" to infer that the claimed loss was an accident caused by a "mechanical breakdown." However, this was a clear error of fact as discussed herein.

The record before this Court establishes that the crack in the bridge of the aquarium was first noticed on March 1, 2021. Michael Lomenzo, Plaintiff's corporate representative, testified in his July 11, 2022 deposition that he was unaware of any leaking associated with the crack or whether the crack went all the way through the acrylic panel.[ECF 36 at 28:20-23.] While Depositors was not able to inspect the original bridge crack due to the fact that the acrylic panel was disposed of by Plaintiff, Plaintiff's own expert indicated that the damage to the bridge could have resulted from vandalism or latent defect or stresses in the materials. Thus, clearly there is an issue of material fact as to whether this direct physical loss of, or damage to, the aquarium was, in fact, an accident. The policy clearly excludes damages resulting from latent defect or quality in property that causes it to damage or destroy itself. [ECF 1-9 at 68.] There is nothing in the record that identifies any "accident" that was caused in any fashion pursuant to the terms and conditions of the policy. Even assuming there was some sort of mechanical breakdown, that is insufficient to afford coverage. The Policy requires that a fortuitous event occur. There is simply no showing of such a fortuitous event in the record. As no such factual determination has been made as to the fortuitous event that caused the direct physical loss of, or damage to, the acrylic panel on the bridge, there remains a genuine issue of material fact to be determined at trial. Thus, it was improper for this Court to resolve this issue at the summary judgment stage and the Court should

grant Depositors' Motion for Reconsideration and deny Plaintiff's Motion for Summary Judgment.

### C. Reconsideration is required because this Court's determination of rupture was clear error.

In order to support its finding of coverage and to grant Plaintiff's Motion for Summary Judgment, this Court determined that the crack in the acrylic panel on the bridge was a "rupture." Because the Policy does not define the term "rupture," [ECF 104 at 9] this Court relied upon Merriam-Webster (11th ed. 2019) to define "rupture" as "the tearing apart [of a tissue]; a breaking apart or the state of being broken apart. Merriam-Webster (11th ed. 2019) defines "apart" as being "in or into two or more parts: to pieces." As previously indicated, Plaintiff's corporate representative, Michael Lomenzo, was unable to testify that there was any leaking associated with the crack or that the crack went all the way through the acrylic panel. [ECF 36 at 28:20-23.] Accordingly, there is no record evidence to support that the acrylic panel was broken apart. As such, there is no record evidence to support that a "rupture" occurred to the acrylic panel on the bridge. Given the absence of record evidence on this material fact, the Court's finding at the summary judgment stage that an accident occurred was clear error. Therefore, this Court should grant Depositors' Motion for Reconsideration and deny Plaintiff's Motion for Summary Judgment.

### IV. Conclusion

Due to the fact that this Court's Order on Cross-Motions for Summary Judgment contains clear errors in law and fact and it subjects Depositors to manifest injustice, this Court should grant Depositors' Motion for Reconsideration and deny Plaintiff's Motion for Summary Judgment.

WHEREFORE, Defendant, DEPOSITORS INSURANCE COMPANY, respectfully requests that this Court grant its Motion for Reconsideration and deny Plaintiff's Motion for Summary Judgment and any and all such further relief as this Court may deem just and proper.

Dated: October 30, 2023

BUTLER WEIHMULLER KATZ CRAIG LLP

s/ Thomas A. Keller
THOMAS A. KELLER, ESQ.
Florida Bar No.: 0153354
tkeller@butler.legal
SCOTT J. FRANK, ESQ.
Florida Bar No.: 0775606
sfrank@butler.legal
Secondary: lfarrell@butler.legal
 ehorton@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
*Attorneys for Defendant:* DEPOSITORS INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic notification generated by CM/ECF system on October 30, 2023 on all counsel or parties of record on the Service List below.

> Harold B. Klite Truppman, Esq.
> Harold B. Klite Truppman, P.A.
> 28 West Flagler Street, Suite 201
> Miami, FL 33130-1890
> hbkt@truppmanlawoffices.com
> truppmanparalegal@gmail.com
> *Counsel for Plaintiff*

s/ Thomas A. Keller
THOMAS A. KELLER, ESQ.
